IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Scott Landmesser,** | Case No. 4: 24 CV 1281 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| **Warden Douglas Fender,** | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

Petitioner Scott Landmesser, proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1). He indicates he is a federal pre-trial detainee confined in the Northeast Ohio Correctional Institution awaiting trial on criminal charges. In his Petition, he contends his rights under the First and Eighth Amendments are being violated on the basis he is not being provided requested "legal supplies" and a form he needs to file a motion to proceed *in forma pauperis*. (*Id*. at 6, ¶13.) He seeks an order requiring that he be provided requested legal supplies and the form. (*Id*. at 7, ¶15.)

Federal courts conduct must initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Upon review, the Court finds that the Petition must be dismissed. The Petition does not allege a claim cognizable in a habeas corpus action under § 2241. A federal prisoner may file a § 2241 petition in federal court challenging the execution of a sentence, *i.e.*, the Bureau of Prison's

calculation of his sentence credits or other issues affecting the length of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.2001). But "§ 2241 is not the proper vehicle for a prisoner to challenge conditions of [his] confinement." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (upholding summary dismissal of § 2241 filed by federal pretrial detainee to the extent it challenged various conditions of his pretrial detention). Claims concerning prison conditions which can be remedied by improved conditions must be brought in a properly filed civil rights action, and the "requirements for filing a civil rights action in federal court differ from a habeas case," *i.e*, to file a civil rights case, a plaintiff must pay the filing fee ($405) upfront, or in installments for indigent prisoners, versus a $5 filing fee in habeas cases which is waived for indigent prisoners. *Quill v. Washington*, No. 2: 23-cv-11724, 2023 WL 4895159, at *3 (E.D. Mich July 31, 2023) (dismissing pretrial detainee's petition to the extent it challenged jail conditions). Here, Petitioner's claims regarding his access to legal supplies and a form challenge conditions of his confinement; therefore, they are not cognizable in a habeas petition.

Furthermore, Petitioner's claims would not be cognizable in a civil rights action brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Unlike 42 U.S.C. § 1983, *Bivens* does not provide a broad remedy for civil rights violations committed by agents of the federal government. *Bivens* claims against federal agents have been recognized only in certain limited contexts, *i.e.*, where federal officials search a private residence without probable cause in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 397; where a Congressperson terminated an employee on the basis of gender in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228, 249 (1979); and where prison officials displayed deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14, 24

(1980). The Supreme Court has made clear that expansion of *Bivens* beyond these specific contexts is now "a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (reasoning that Congress provided a specific remedy for plaintiffs whose constitutional rights were violated by state officials through 42 U.S.C. § 1983, but did not provide a corresponding remedy for constitutional violations by federal officials). Petitioner's claims do not fall within the contexts that have been recognized for a *Bivens* suit.

## Conclusion

Based on the foregoing, the § 2241 Petition in this matter is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The Court further certifies that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: October 7, 2024

  s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE